UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLAH,

              Plaintiff,

  v.

DONALD HOLBROOK, *et al*.,

              Defendants.

Case No. C19-2094-JCC-MLP

REPORT AND RECOMMENDATION

On December 27, 2019, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. # 1.) Plaintiff sets forth five claims for relief in his complaint which he identifies as follows: (1) Impersonating a Judicial Judge; (2) Conspiracy, Kidnapping, Slavery; (3) Identity Theft, Theft of Appeal Bond; (4) False/Illegal Imprisonment; and (5) Quiet Title Action. (*See id*.) These claims are based on a common theme, long advanced by Plaintiff in this Court, that his current confinement is unlawful because he is Allah©, not Edwin Randal Coston who was convicted and sentenced in multiple state court criminal actions. (*See id*.) Plaintiff submitted with his complaint a motion for temporary restraining order seeking immediate release from what he believes to be his illegal imprisonment (dkt. # 1-1), but he failed

REPORT AND RECOMMENDATION
PAGE - 1

to submit either the requisite filing fee or an application to proceed with this action *in forma pauperis*.

On December 31, 2019, the Clerk sent Plaintiff a letter advising him that his submission was deficient because he failed to meet the filing fee requirement. (Dkt. # 2.) The Clerk explained that Plaintiff would have to either pay the full $400 filing fee or submit an application to proceed *in forma pauperis* by January 30, 2020, or risk dismissal of this action. (*Id.*) On January 2, 2020, Plaintiff submitted a second motion for temporary restraining order together with a "UCC Financing Statement." (*See* Dkt. # 4) On that financing statement, Plaintiff purports to write a check to the Clerk in the amount of $100,000 to cover the cost of the filing fee. (*See id.* at 1.) On January 8, 2020, Plaintiff submitted a response to the Clerk's letter pertaining to the filing fee deficiencies in which he claims that the Clerk's letter was erroneous because he had submitted a check for $100,000. (*See* Dkt. # 5 at 2.) Plaintiff argued that the check was valid and that the Court could not refuse it. (*See id.*) Plaintiff submitted with his response another "UCC Financing Statement," again displaying a purported check made out to the Clerk of this Court in the amount of $100,000. (*See id.* at 1.)

Plaintiff's check is not, in fact, valid and does not suffice to meet the filing fee requirement. It appears that Plaintiff's creative financing strategy is simply an attempt to avoid an almost certain dismissal of his complaint under 28 U.S.C. § 1915(g) should he request leave to proceed with this action *in forma pauperis*. Plaintiff is a frequent litigant in this Court and has accumulated a sufficient number of "strikes" over the years to effectively bar him from proceeding in this Court, absent special circumstances, without prepayment of the filing fee. *See Allah v. McAvoy, et al.*, C19-218-TSZ, Dkt. # 4 at 6-7; Dkt. # 8. Plaintiff's attempt to circumvent the filing fee requirement should not be countenanced.

REPORT AND RECOMMENDATION
PAGE - 2

As Plaintiff has had ample time to correct the deficiency identified by the Clerk, but has failed to do so, this Court recommends that the instant action be dismissed without prejudice for failure to prosecute. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 20, 2020**.

DATED this 25th day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge